Yes, very good, Your Honor. Good morning. And you can hear me? Yes, I can. Can you guys hear me? We can, and Ms. Walitzer is here in the courtroom, and I will call the case. The court is next calling Appeal 24-1184, Solid Ground Transportation, Incorporated, et al. v. Commissioner of Internal Revenue Service. We are going to begin with the presentation from the appellant, Mr. Joseph Dadich, who is appearing remotely. Thank you. Good morning, Your Honors. May it please the Court. Joseph Dadich, appearing on behalf of Petitioner Appellant. I'm here asking this Court to reverse the Tax Court's dismissal of Appellant's case and remand for further proceedings. After a November 2023 court order, which invoked jurisdiction, but we believe the Court erred prematurely dismissing the case based on, and why Appellant will prevail based on, two reasons. Number one, the Court erred in guessing at a factual determination related to tax years under audit. The government has argued that the statement, 2013 and subsequent years, which was identified in two different notices about five weeks apart, was actually a Scrivener error. However, we in turn are contesting that, and we believe that the Court erred. One of the biggest reasons, I'd say, is that there's typically manager approval that has to occur, and so someone would have approved this. That's one reason. This ties into our second reasoning for why Appellant prevails, is that we believe the Court prematurely failed to allow notice and opportunity to review what's called the administrative record. What's unique with these cases, with regards to the retirement plans, is that the Court bases decisions on the administrative record, and here, the only one that holds the keys are the appellee. The appellee has the obligation to file the actual administrative record at a future date and time. There's a period of time after the answer is filed, and so we in turn believe that the Court erred and abused its discretion by not even asking for the administrative record. Mr. Connick, given that the second petition is still pending, what is the advantage to your client of having the first petition pending? Yeah, I don't know. Well, number one, in that second pending petition, which is 8843 at the lower court, there's been no administrative record filed in that case either, and so really, we in turn want to ensure, and by the way, in that case, the tax years in question are 2018 and subsequent years, and one of our points of contention, at least to be able to get this right, is that the plan started in 2013. That's why that year is there. But hasn't the IRS, hasn't, Mr. Dattach, hasn't the IRS represented that it doesn't seek to take action against your client for tax years 2013 to 17? As it relates to the, well, to your point, Your Honor, in the second petition, that's 8843. I would agree with that, except there's an argument that's made in a number of these cases called substantial compliance, which means the, well, the appellant and petitioner in that case can argue that they substantially complied with 2013, 2014, all the way through 2017, and then if there's a minor issue in 2018, the appellant can actually make that they substantially complied with all the other years, Your Honor, and the court can weigh that evidence. And so that's kind of what I'm, I guess, getting at, is we want to make sure to get this right, that the years in question are actually part of the case, whether it ends up being in 8843, which ultimately, maybe that's ultimately what in turn happens. If the court were to look at the administrative record, which we in turn believe is the appropriate step that the court should have, at a minimum, looked at the administrative record. And by the way, the appellant, I in turn am actually prevented from filing any type of evidence until the administrative record is filed. And as already noted, the appellee has the obligation to actually file it. So the advantage of having the first petition pending to you is you assert that that's going to expand the record to include things all the way back to 13, even though the IRS is saying they're not going to audit 13 to 17? Well, I'm not sure if the IRS has said that they didn't audit 2013 through 2017. Again, all this is based on the administrative record. Now, I happen to have been the attorney during the audit, so I just want to be up front. It was about four years ago. And routinely, the IRS, the very first question they ask with their IDRs, information document request, is provide us all the documentation going back to plan inception, including all transactions that have transpired, trustee approval, and things like that. And so I don't doubt that the government in the second petition has somehow said, okay, well, now 2018 is the year that we're looking at. And I understand that's part of their argument. It's my contention that the administrative record may tell a different story, that it was actually 2013 and beyond. And ultimately, the case may end up getting consolidated at a later date. We're just asking for, as it relates to our notice and opportunity, is to be able to at least look at the administrative record and then let the court make a decision. Have you requested the administrative record in the second proceeding? No, that's actually still pending, meaning the appellee about a month ago filed a motion for extension to file their administrative record. So in both the cases, just to clarify, there has been no administrative record that's been filed. But you expect that appellee is going to file it in the second case. I assume that they're directed to. So why wouldn't that satisfy your need for the administrative record to make the arguments you're presenting to us now? Well, I in turn have a lot of respect for government counsel, Ms. Wolitzer, of course. Because the government, and I shouldn't say change the date. I don't know, because I don't know what the administrative record says about the 2018 and subsequent years, to your point, Your Honor. I don't know if the government in their administrative record is going to lop off anything that was provided from 2013 to 2017. So now I'm in the situation where I have to now file certain motions related to similar arguments that we have here. And a court at that point in time, let's assume it gets filed later this year. And then I'm now looking at it going, well, where's the other years? And where's our substantial compliance argument? And then I file our motions and the court says, well, why didn't you file this a couple of years ago? There's a potential that the court may not allow us to add to the record at that point in time, is kind of what I'm getting at. So why not ask for it now? Well, I've tried. I've tried, Your Honor, in a couple, and this is possibly unrelated, because I don't know if I filed it in this case, just so the court's clear. The tax court has based, the times that I have filed it to try to add to the record, Your Honor, I've had that motion dismissed. And I honestly, unless the court wants to look it up, I will subsequent to our hearing here. The tax court cites to certain cases that the administrative record has to come first. I wish it wasn't that case because I in turn would have already done this. Thank you, Mr. Doddich. Would you like to reserve the remainder of your time for rebuttal? Yes, Your Honor. Thank you very much. Ms. Wolitzer will now move to you for oral argument on behalf of the commissioner. Mr. Doddich, you should be able to hear Ms. Wolitzer when she comes to the podium. Thank you, Your Honor. May it please the court. Good morning. Good morning. I'm Rachel Wolitzer representing the Appalachian Commissioner of Internal Revenue. The tax court lacked jurisdiction over the revenue agent report because it was not a determination under Section 7476. So this is a jurisdictional question. It's a legal question. And you look to the statute. Under Subsection 1 and the flush language of 7476A, the tax court has jurisdiction to review, quote, a determination by the secretary, unquote, regarding the qualification of a retirement plan. The term determination is used six times in 7476. Under 7476B-5, if the secretary sends notice of his determination, notice of his determination being, unquote, regarding qualification of the plan, no proceeding to challenge the determination may be filed. And then there's a time limit on that. Now, the June 22 letter to Solid Ground attaching the revenue agent report was not in any sense a determination conferring jurisdiction on the tax court. Ms. Wolitzer, I understand and appreciate the jurisdictional argument. Can you shed any light on why this is being pursued from a tax perspective? Like, what would be the benefit to having this second proceeding, the first proceeding move forward? Well, there isn't any, Your Honor. This... Putting jurisdiction aside, and again, I understand and appreciate that argument, but is there some benefit to Solid Ground transportation to have the first proceeding continue in addition to the second proceeding? No, because, first of all, the tax court did not abuse its discretion in determining that the earlier correspondence before the determination finally deciding the qualification. The tax court did not abuse its discretion in concluding that the first case only related to 2018 and did not relate to 2013. Ms. Wolitzer, I don't want to put words in Mr. Dodich's mouth, and I'm not a tax lawyer, but his argument strikes me as when the initial document request came out, it was for everything, which went back to 13. Then he has not yet been able to file the administrative record, and prophylactically, he is concerned or his client is concerned about creep, that this may get larger and longer and not have an ability to respond to any IRS investigation other than the second petition. Hence, proceed with the first petition because they want to make sure there's coverage. Do you want to respond to that? Yes, Your Honor. The audit is complete. The examination is complete. All the correspondence from the IRS said that the examination of the 2018 year was complete. So, there's nothing that shows that the IRS is challenging the qualification of the plan for the 2013 through 2017 years. Every reference in all the documents is to 2018, except for those few isolated references to 2013. The tax court had found and did not abuse its discretion in finding that those were Scrivener's errors, and it does appear that they were because if you look at the revenue agent report, there were numerous, numerous references to 2018 in the cover letter, on every page of the report, in the header, in the subject line, in the beginning of the report. You said few. You meant two? No. There were a few isolated references to 2013. Really, in the revenue agent report, there was only the one reference at the end, and then again in the IDR. So, a couple in the whole course of correspondence. In contrast, the references to the 2018 plan year were repeatedly throughout the revenue agent report, and the IDR, even though it referenced 2013, it only requested returns for 2018 through 2021. If it had been based on a challenge to the earlier years, it would have requested the returns for those earlier years. So again, in both instances of the revenue agent report and the IDR, it was a Scrivener's error. Everything points to that. And the IRS... Let me ask a question with regard to the jurisdictional argument, again, because time is short. There is a tax court decision, ADTC 292, High Adventure Ministries, Inc. v. Commissioner, which sets forth this jurisdictional limit that jurisdiction is limited to instances where the respondent has issued an adverse determination letter, or where, after a request by the organization and an exhaustion of administrative remedies, the respondent has failed to issue a determination letter. That's a 1983 decision. Is there anything more recent that sets that forth? It just strikes me as a 40-year-old decision here that's setting the bar. In our brief, we cite some cases that talk about the jurisdictional issue and how to interpret 7476. On page 13 of our brief, Wenzel v. Commissioner, 707F2, F2nd 694, and EFCO Tool Company v. Commissioner, 81 Tax Court TC 976. Basically, there has to be either a determination or if the taxpayer or the plan has requested a determination but no determination issues within a certain amount of time. But it all revolves around this determination. There has to be either a request for determination, which there wasn't in this case, it's undisputed, or a determination. And perhaps the law has not changed in the last 40 years. I'm just Really, there might not be a lot of case law because it's really governed by the statute. And because the statute is so clear that there must be a determination, it seems to be a term of art. It appears six times in the statute. Thank you. That answers my question. Okay, thank you. Thank you, Your Honor. So, in contrast, the March 2023 notice stated, this is a final non-qualification letter. The letter contained detailed instructions for filing a tax court petition regarding qualification of the plan. And the instruction said, be sure to copy of this notice, the notice of determination, and any attachments with the petition. The June 22 letter did not have any of that language or talk about filing a tax court petition. And also, the March 2023 determination letter was signed by the director of employee plans and compared to the exam agent who signed the June 2022 letter. I think when you're talking about the tax court's discretion to dismiss the case, this case on the ground of duplication, there's a very high standard for the plan to meet. This court's case, Surlin v. Arthur Anderson and Company, 3F, 3rd, 221, sets forth the standard that dismissal of a case for duplication is reviewed for an abuse of discretion. As a general rule, a federal circuit, a federal suit may be dismissed for reasons of judicial administration whenever it is duplicative of a parallel action already pending in another federal court. And then it sets out the standard for determining whether an action is parallel, and that is also accorded discretion to the district court. Thank you, Ms. Bullitzer. Thank you. Mr. Dodditch, we'll now move to you for rebuttal argument. We'll have two minutes for rebuttal, please. Thank you, Your Honors. And, you know, I really just want to, one item, this may be more of a, maybe a policy of the government having worked against the IRS and worked with them as well. We would think that there'd be one form number that says that's the final form, and then we know, okay, form number 1,000, when you get that form, that's when you know the statute is invoked, you have the 90 days and whatnot. Unfortunately, I don't believe that there is a specific form. So I wanted to just reference. And then one point that Ms. Bullitzer brought up about the tax years and that her comment that the government's not challenging 2013 through 2017, which is all fine and dandy, which would mean her counterpart at the lower level, which is Ms. Kim, would stipulate to that in the 8843 case. And then we, in turn, would resolve this case. If they would stipulate to the statement that they don't challenge 2013 through 2017, and that's a statement of fact, then we can use that and weigh, at a minimum, allow the court to weigh, again, on behalf of appellant, to weigh in our favor. And so I think that would easily resolve this if the government is saying that they looked at those original documents and they saw nothing there. In fact, they didn't see anything until 2018, then it shouldn't be too far of a stretch to have the lower court, Ms. Kim, who works on behalf of the government with 8843, to say they will stipulate to this and put that as a stipulation and add it to the administrative record. So I would just finish with that. Thank you very much. I'll rely on my briefs and oral arguments unless there's anything else from the court. Thank you, Mr. Dodditch. Thank you, Ms. Wolitzer. The case will be taken under advisement.